WO                                                                                    MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred E. Caraffa, | No. CV 20-00013-PHX-MTL (ESW) |
| Plaintiff, | |
| v. | **ORDER** |
| Maricopa County Sheriff's Department, et al., | |
| Defendants. | |

On January 2, 2020, Plaintiff Alfred E. Caraffa, who is confined in a Maricopa County Jail, filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In a January 15, 2020 Order, the Court granted the Application to Proceed and dismissed the Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On February 3, 2020, Plaintiff filed his First Amended Complaint. In a February 6, 2020 Order, the Court dismissed the First Amended Complaint because Plaintiff had failed to state a claim. The Court gave Plaintiff 30 days to file a second amended complaint that cured the deficiencies identified in the Order.

On February 21, 2020, Plaintiff filed a Motion for Default Judgment pursuant to Rule 55(d) of the Federal Rules of Civil Procedure (Doc. 9), a Motion for Appointment of

Pro Bono Counsel (Doc. 10), and a Second Amended Complaint (Doc. 11). The Court will dismiss the Second Amended Complaint and this action and will deny Plaintiff's Motions.

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se prisoner] 'must be held to less stringent

standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

**II.     Second Amended Complaint**

In his one-count Second Amended Complaint, Plaintiff seeks monetary damages from Defendants Maricopa County Sheriff's Office (MCSO), MCSO Inmate Legal Services, and MCSO Deputies B1300, B0429, and B3638. Plaintiff contends the three MCSO Deputies denied him access to the courts "to file motions and court documents in open civil action and criminal cases" while working for Defendant MCSO in MCSO's Inmate Legal Services Department. Plaintiff claims this caused delays in his civil actions and a "miscarriage of justice" in his criminal cases.

**III.    Failure to State a Claim**

Although pro se pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), conclusory and vague allegations will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Further, a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled. *Id.*

**A.     Defendants MCSO and MCSO Inmate Legal Services**

The Maricopa County Sheriff's Office is not a proper defendant because it is a "non-jural entity." *Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015) (citing *Braillard v. Maricopa County*, 232 P.3d 1263, 1269 (Ariz. Ct. App. 2010)). In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. *See* Ariz. Rev. Stat. § 11-441(A)(5); Ariz. Rev. Stat. § 31-101. A sheriff's office is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties and is not a "person" amenable to suit pursuant to § 1983. Accordingly, the Court will dismiss Defendant MCSO.

Defendant MCSO Inmate Legal Services is a subdivision of the Maricopa County Sheriff's Office. Like the Maricopa County Sheriff's Office, it is simply an administrative creation of the county sheriff to allow him to carry out his statutory duties and not a

1 "person" amenable to suit pursuant to § 1983. Accordingly, the Court will dismiss
2 Defendant MCSO Inmate Legal Services.

### B. Defendants B1300, B0429, and B3638

Plaintiff has simply made vague and conclusory allegations against Defendants B1300, B0429, and B3638 collectively, without any factual specificity as to what any particular Defendant did or failed to do. This is insufficient. *See Marcilis v. Township of Redford*, 693 F.3d 589, 596 (6th Cir. 2012) (upholding dismissal of *Bivens* complaint that referred to all defendants "generally and categorically" because the plaintiff had failed to "'allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.'" (quoting *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008))); *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) ("Given the complaint's use of either the collective term 'Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."). Moreover, Plaintiff's vague allegations do not support a conclusion that he suffered an "actual injury" as a result of any Defendant's conduct, which is necessary to state an access-to-the-courts claim. *See Lewis v. Casey*, 518 U.S. 343, 348 (1996) (As a matter of standing for an access-to-courts claim, a plaintiff must show that he suffered an "actual injury"—i.e., "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." ) (citation omitted); *see also Davis v. Goord*, 320 F.3d 346, 352 (2d Cir. 2003) ("Mere 'delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation.'") (citations omitted); *cf. Silva v. DiVittorio*, 658 F.3d 1090, 1104 (9th Cir. 2011) (actual injury alleged where plaintiff claimed pending lawsuits had been dismissed as the result of defendants' actions). Thus, the Court will dismiss Defendants B1300, B0429, and B3638.

. . . .

. . . .

### IV. Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made three efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further opportunities to amend would be futile. Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

### V. Motion for Default Judgment

Plaintiff seeks oral argument "under Rule 55(d) for Default Judgment." First, Federal Rule of Civil Procedure 55(d), which states that a "default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court," is inapplicable because the United States, its officers, or its agencies are not parties to this lawsuit. Second, an entry of default is only appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Defendants have not been served and, therefore, were not required to file a response. *See* Fed. R. Civ. P. 12(a). Thus, the Court will deny Plaintiff's Motion for Default Judgment.

### VI. Motion for Appointment of Pro Bono Counsel

In light of the Court's dismissal of this action, the Court will deny as moot the Motion for Appointment of Pro Bono Counsel.

. . . .

. . . .

**IT IS ORDERED:**

(1) Plaintiff's Second Amended Complaint (Doc. 11) and this action are **dismissed** for failure to state a claim, and the Clerk of Court must enter judgment accordingly.

(2) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3) Plaintiff's Motion for Default Judgment (Doc. 9) is **denied**.

(4) Plaintiff's Motion for Appointment of Pro Bono Counsel (Doc. 10) is **denied as moot**.

(5) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 2nd day of March, 2020.

Michael T. Liburdi
United States District Judge